UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **KEVIN GROBE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| **QUANTUM RESTUARANTS,** | ) |
| **LLC d/b/a LITTLE CAESARS,** | ) |
| | ) |
| Defendant. | ) |
| _____ | / |

### PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, KEVIN GROBE ("Plaintiff" or "Grobe"), and files his Complaint against Defendant, QUANTUM RESTUARANTS, LLC d/b/a LITTLE CAESARS ("Defendant" or "Quantum"), and in support states the following:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff including Defendant's retaliation for Plaintiff's lawful exercise of his rights under the FMLA leading to his unlawful termination.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

5. Plaintiff, Grobe, is a citizen of the United States, and is and was at all times material, a resident of the state of Georgia.

6. Defendant, Quantum, is a foreign for-profit corporation with its principal office in Chattanooga, Tennessee.

7. Defendant operates approximately 59 Little Caesars locations throughout the United States, including in the State of Georgia.

8. Defendant does business and Plaintiff worked for Defendant in this District at 199 Pottery Factory Drive Suite #141, Commerce, Georgia 30529.

9. Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendant in a full-time capacity for approximately one year and nine months. At the time of his termination, Plaintiff held the position of General Manager.

11. Around March 20, 2020, Plaintiff verbally inquired with John Chase, Area Supervisor, regarding Defendant's FMLA policies.

12. At all times relevant Plaintiff was a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

13. On or about March 22, 2020, Plaintiff sent an email to Melissa Denton, Human Resources, requesting information regarding FMLA leave to care for his wife who has a serious health condition.

14. The following day, on or about March 23, 2020, Plaintiff called Ms. Denton to discuss utilizing FMLA leave. When Ms. Denton inquired why Plaintiff was requesting FMLA leave, Plaintiff explained that his wife suffered from a serious medical condition and he was requesting FMLA leave to care for her.

15. Ms. Denton informed Plaintiff that she would need to look into whether Plaintiff was eligible to use FMLA leave and then she would get back to Plaintiff

about his request, without allowing Plaintiff to complete an application for FMLA leave.

16. The very next day, on or about March 24, 2020, Defendant terminated Plaintiff's employment under pretext.

17. Plaintiff has been damaged by Defendant's illegal conduct.

18. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
## Interference in Violation of the FMLA

19. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-18 above.

20. Plaintiff was an employee eligible for protected leave under the FMLA.

21. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

22. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

23. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

24. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

## Count II:
## Retaliation in Violation of the FMLA

25. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-18 above.

26. Plaintiff was an employee eligible for protected leave under the FMLA.

27. Defendant is and was an employer as defined by the FMLA.

28. Plaintiff exercised or attempted to exercise his rights under the FMLA.

29. Defendant retaliated against Plaintiff for exercising or attempting to exercise his FMLA rights.

30. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

31. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, and prejudgment interest thereon;

b)   Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c)   Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*